**STATE ex rel. SMITH v. BEAUREGARD PARISH DEMOCRATIC EXECUTIVE COMMITTEE.**

(Nov. 13, 1923.)

*(Syllabus by Editorial Staff.)*

Courts ⬤⟶224(11)—Court of Appeal held to have jurisdiction of mandamus to compel placing of name of candidate on official ballot in primary election.

Since the emoluments of the office of police juror for the full term will not amount to $2,000, the Court of Appeal has jurisdiction under Act No. 97 of 1922, § 27, or under the general law regulating the appellate jurisdiction of courts, and hence a mandamus proceeding to compel the placing of the name of the relator on the official ballot in a primary election as candidate for that office will be transferred to the Court of Appeal.

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Thos. F. Porter, Judge.

Mandamus by the State, on the relation of James D. Smith, against the Beauregard Parish Democratic Executive Committee. Judgment for relator, and defendant appeals. On motion to transfer case to Court of Appeal. Transfer ordered.

Sam H. Jones, of De Ridder, for appellant. Ped C. Kay, of De Ridder, for appellee.

By Division A, composed of Chief Justice O'NIELL, and Justices ROGERS and BRUNOT.

O'NIELL, C. J. This is a mandamus proceeding to have the name of the relator placed upon the official ballot in the Democratic primary election as a candidate for nomination for the office of police juror. There was judgment for relator, making the alternative writ of mandamus absolute, and the Parish Democratic executive committee, defendant in the case, has appealed.

Counsel for appellant has filed a motion in this court to transfer the case to the Court of Appeal for the First Circuit, averring that the Supreme Court has not jurisdiction, and that the bringing of the appeal to this court instead of the Court of Appeal was a mistake.

Inasmuch as the emoluments of the office of police juror, for the full term, would not amount to $2,000, the Court of Appeal has jurisdiction, under the Primary Election Law (Act 97 of 1922, § 27, p. 197), or under the general law regulating the appellate jurisdiction of the courts according to the amount in contest. Landry v. Gonzales, 142 La. 577, 77 South. 287.

In the exercise of our discretion under Act 19 of 1912, p. 25,

It is ordered that this case be transferred to the Court of Appeal for the First Circuit.

———

(97 South. 876)

No. 26031.

**STATE v. JACKSON.**

(Oct. 29, 1923.)

*(Syllabus by Editorial Staff.)*

Grand jury ⬤⟶29—That indictment is found by grand jury, drawn before preceding grand jury has served four months, held not ground for quashing indictment.

Act No. 135 of 1898, § 7, Act No. 23 of 1908, and Act No. 163 of 1898, enacted to carry out the provisions of Const. 1921, art. 7, § 42, requiring a grand jury to be impaneled in each parish twice a year to remain in office until the succeeding grand jury is impaneled, being directory in character, it cannot be concluded that a grand jury is illegally organized solely because the preceding grand jury has not been in office for four months, and hence it was improper to quash an indictment for murder on the ground that, although it was found by a grand jury drawn on November 6, 1922, the day fixed for the regular criminal term of the court, the preceding grand jury was impaneled July 17, 1922, and sworn to serve for six months; the presumption being that the grand jury drawn on July 17, a time different from that prescribed for the regular

session, would exist officially only until the next regular jury term on November 6.

Appeal from Ninth Judicial District Court, Parish of East Carroll; F. X. Ransdell, Judge.

Aleck Jackson was charged with murder. A motion to quash the indictment was sustained, and the State appeals. Reversed and remanded.

A. V. Coco, Atty. Gen., Jeff B. Snyder, Dist. Atty., of Tallalah, George Wesley Smith, Special Counsel, of Rayville (T. S. Walmsley, of New Orleans, of counsel), for the State.

James H. Gilfoil, Jr., of Lake Providence, and D. J. Anders, of Oak Grove, for appellee.

By Division B. composed of DAWKINS, LAND and LECHE, JJ.

LECHE, J. In this case, the trial judge sustained a motion to quash an indictment charging the defendant with murder, and the state has appealed from that ruling.

On the trial of the motion, it was agreed between counsel for the state and counsel for defendant that the facts stated therein were "the true facts upon which the motion to quash said indictment should be determined, both in the district court and, in the event of an appeal, in the Supreme Court of the state." These facts are substantially that the defendant was indicted by a grand jury impaneled on November 6, 1922; the members whereof are alleged to have been illegally selected and drawn for the following reasons:

(1) That on July 8, 1922, the judge ordered the jury commissioners to meet in the clerk's office on July 11, 1922, there to select, in the manner and form required by law, a grand jury and to draw a special petit jury for the parish of East Carroll.

(2) That on July 17, 1922, said grand jury was regularly drawn, sworn, and impaneled to serve for six months.

(3) That no proceedings were taken by the court for the purpose of removing the said grand jurors, and no order, eo nomine, was entered by the court, removing said grand jurors, during the term of six months immediately following the 17th day of July, 1922.

(4) That on October 10, 1922, the judge signed another order convening the jury commission on October 18, 1922, by virtue whereof grand jurors were selected and a petit jury drawn by said commission for service on November 6, 1922.

(5) That on November 6, 1922, another grand jury was accordingly drawn, sworn, and impaneled, and on the same date returned the indictment in the above cause, charging defendant with murder.

Defendant's contention is that the grand jury impaneled on July 17, 1922, had been impaneled and sworn to serve for six months, and that the judge was during the six months following, powerless to remove said grand jury or any member thereof except for legal cause accruing subsequent to the impaneling of said grand jury and that eo nomine no such order of removal was rendered or entered.

Alleging further that the stated facts constitute a legal fraud upon the rights of defendant and, if uncorrected, a great wrong will be committed, he prays that the indictment returned against him be quashed and set aside.

The Constitution art. 7, § 42, requires that a grand jury shall be impaneled in each parish twice a year and shall remain in office until a succeeding grand jury shall have been impaneled. The Legislature, by Act 135 of 1898, § 7, p. 220, adopted in pursuance of a provision of the Constitution of 1898, similar to that in the Constitution of 1921, prescribed that grand jurors shall serve for six months, and by Act 23 of 1908, p. 23, district judges were authorized to fix the time for the impaneling of grand juries not nearer than

four months nor further than eight months apart. By Act 163 of 1898, p. 320, district judges are required to fix the sessions of their courts in their respective parishes, no change, however, to be made in the order fixing sessions, within less than one year thereafter.

The language of the cited provision of the Constitution clearly indicates that there should be a grand jury continuously and without interregnum in each parish, and that the official life of one grand jury only ceases when another grand jury should be impaneled. The Legislature then, in order to put that provision of the Constitution into effect, provided for the fixing of sessions of the district court which might be changed not oftener than once within a year, wherein there should be two sessions, not less than four months nor more than eight months apart, at which the district judge should impanel a grand jury.

The orders issued by the judge in the present case for the impaneling of grand juries, although mentioned in the motion to quash as part of said motion, are not in the record. It appears that they bear date of July 8, 1922, and October 10, 1922; that the grand jury summoned under the first order was impaneled on July 17, and the one summoned under the second order was impaneled on November 6, 1922, and therefore that these two grand juries were impaneled less than four months apart, and it is upon this ground that defendant mainly relies in substantiation of his charges of illegality, great wrong done to him, etc.

The record also fails to show the order of the district judge fixing the regular sessions of the court as required by Act 163 of 1898, but it appears from the minute entries contained in the record, and from the allegations of the motion to quash, that the session of court beginning July 17, 1922, was a special one and that the session beginning November 6, 1922, was held on the day fixed for the regular criminal term of that court. It therefore sufficiently appears that the grand jury impaneled on November 6, 1922, was organized at the time prescribed in the order fixing the regular sessions of the court, while that impaneled on July 17, 1922, was organized by virtue of a special order for a special term, and at a time different from that prescribed for the regular session.

While the legality of the grand jury impaneled on July 17th is not at issue in this case, it may be, and the presumption is, that it was impaneled and organized at a time different from that prescribed in the order fixing regular sessions, not as the result of arbitrary action on the part of the district judge, but for good and valid reasons, and therefore that its official existence could under the law last only until the next regular jury term, to be held on November 6, 1922. The official life of a grand jury is regulated by statute, and the mere fact that the minutes of the court of July 17, 1922, state that a grand jury was impaneled for six months, could not, in the absence from the record of the written order of the judge of July 8, 1922, have the effect of changing the time fixed for the regular jury terms of the court, one of which appears to have been fixed for and was actually held on November 6, 1922. The statutes enacted to carry out the constitutional provision, hereinbefore cited, are directory in character, and there is nothing therein to justify the conclusion that a grand jury is illegally organized solely because the preceding grand jury has not been in office for four months, or for six months, as contended by defendant.

There is nothing to support the conclusion that any wrong or injury was done to the defendant.

The grounds upon which defendant seeks to quash the indictment found against him by the grand jury impaneled on November

6, 1922, do not appear to us to be well founded and

It is therefore ordered that the judgment appealed from be reversed and set aside, and this case remanded to the district court for the parish of East Carroll, there to be proceeded with according to law.